IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| TIARE TECHNOLOGY, INC. § § § Plaintiff, § § v. § § STARBUCKS CORPORATION, § § § | | Civil Action No. 2:23-cv-253-JRG-RSP (Lead Case) |
| CHIPOTLE MEXICAN GRILL, INC. § § § | | Civil Action No. 2:23-cv-250-JRG-RSP (Member Case) |
| H.E. BUTT GROCERY COMPANY § § § | | Civil Action No. 2:23-cv-251-JRG-RSP (Member Case) |
| SUBWAY SANDWICH SHOPS, LLC, et al § § § | | Civil Action No. 2:23-cv-254-JRG-RSP (Member Case) |
| TACO BELL CORP. § § § | | Civil Action No. 2:23-cv-255-JRG-RSP (Member Case) |
| ULTA BEAUTY, INC. § § § | | Civil Action No. 2:23-cv-256-JRG-RSP (Member Case) |
| WALMART, INC. § § Defendants. § § | | Civil Action No. 2:23-cv-257-JRG-RSP (Member Case) |

**PLAINTIFF TIARE TECHNOLOGY. INC'S RESPONSE TO DEFENDANTS' SUBWAY SANDWICH SHOPS LLC, SUBWAY SUBS LLC, FRANCHISE WORLD HEADQUARTERS, LLC, SUBWAY HOLDINGS, LLC, SUBWAY WORLDWIDE, LLC, AND DOCTOR'S ASSOCIATES LLC'S AND DEFENDANT TACO BELL CORP.'S <u>MOTIONS TO DISMISS</u>**

In an abundance of caution,[1] Plaintiff Tiare Technology Inc. ("Tiare") files this response

---

[1] Tiare filed an Unopposed Motion on August 18, 2023 (Dkt. 15) seeking an extension of time to file responses to the Motions to Dismiss filed by Subway and Taco Bell. As of this filing, Tiare

1

in opposition to Defendants' Motions to Dismiss.[2]  As Tiare explained in its Unopposed Motion for Extension of Time to File a Response to each Motion (Dkt. 15), Tiare expects the parties to agree to a schedule for venue discovery and briefing on the Motions to Dismiss, including a deadline to file a response brief after completion of venue discovery.  It is Tiare's understanding that Defendants do not oppose the general framework of obtaining venue discovery followed by briefing on Defendants' Motions.

Defendants' Motions raise fact-intensive questions about their presence in this District that warrant venue discovery prior to the Court resolving the parties' venue dispute.  Defendants assert that each Defendant does not have a "regular and established place of business" under 28 U.S.C. 1400(b).  This response shows three (non-exhaustive) examples in which Defendants do maintain regular and established places of business in this District that Tiare expects discovery will further shed light on.

First, the declarants for both Subway and Taco Bell admit that (1) they have employees in this District[3]; and (2) they have rented and leased property, including in this District.[4]  These facts weigh in favor of finding that venue is proper in this case, but, in any event, details relating to these facts are likely to bear on venue analysis.

Second, Defendants base their Motions on the alleged separation between them and the

---

has not received a ruling from the Court.  In the event the Court grants the Unopposed Motion, Tiare reserves the right to request to withdraw this response in view of the Court's Order.

[2] Those Motions are at *Tiare Technology, Inc. v. Subway Sandwich Shops LLC*, No. 2:23-CV-254 (E.D. Tex.) (Dkt. 25) ("Subway Motion") and *Tiare Technology, Inc. v. Taco Bell Corp.*, No. 2:23-CV-255 (E.D. Tex.) (Dkt. 9) ("Taco Bell Motion").

[3] Exhibit 1 to Subway Motion (Dkt. 25-1) at ¶ 15; Exhibit 1 to Taco Bell Motion (Dkt. 9-1) at ¶ 8.

[4] Exhibit 1 to Subway Motion (Dkt. 25-1) at ¶ 14; Exhibit 1 to Taco Bell Motion (Dkt. 9-1) at ¶ 7.

Taco Bell and Subway restaurants located in this District. But Defendants do not attach the manuals, franchise disclosure documents, and other documentation (*e.g.*, reports about site inspections) that govern the relationship between Defendants and the restaurants, including as it relates to the mobile-ordering functionality at-issue in this case. Tiare expects that these types of documents, in addition to the franchise agreements, will show that Defendants exercise significant, interim control over the restaurants in this District, including as it relates to mobile ordering (*e.g.*, controlling locations, advertising, signage, and the like and requiring participation and support for mobile-ordering, mandating the type of computer systems utilized, and the like). That degree control, Tiare expects, will further show that the Taco Bell and Subway restaurants in this District as regular and established places of business of Defendants.

As a final example category, Tiare expects discovery to help assess the credibility of Defendants' declarations. For example, Taco Bell's declarant states that "Taco Bell does not own or operate any Taco Bell branded restaurants within the Eastern District of Texas."[5] But public information shows that Taco Bell currently owns such restaurants in this District, reflected in a basic search of Collin County property records.[6]

| | Property ID<br>↓ Geographic ID ↓ | Owner Name | Property Address | Legal Description | 2023 Market Value |
|---|---|---|---|---|---|
| 1 | 2009582<br>R-2943-001-0020-1 | TACO BELL CORP #15584 | 4616 Frankford Rd<br>Dallas, TX  75287 | Frankford Tollway Center, Blk 1/8763, Lot 2 | $1,565,817 |

| | Property ID<br>↓ Geographic ID ↓ | Owner Name | Property Address | Legal Description | 2023 Market Value |
|---|---|---|---|---|---|
| 1 | 2656385<br>R-2025-00A-003R-1 | TACO BELL OF AMERICA, INC | 404 N Central Expy<br>McKinney, TX  75070 | Redbud Square Addition, Blk A, Lot 3r; Amending | $1,402,023 |
| 2 | 2665610<br>R-8192-00A-004R-1 | TACO BELL OF AMERICA INC | 320 N Custer Rd<br>McKinney, TX  75070 | Home Depot Mckinney Addition, Blk A, Lot 4r; Replat | $1,741,828 |

---

[5] Exhibit 1 to Taco Bell Motion (Dkt. 9-1) at ¶ 4.

[6] https://www.collincad.org/propertysearch (search for "Taco Bell Corp." and "Taco Bell of America" as property owner).

Tiare believes the facts are sufficient to support venue.  Tiare, however, also requests that the Court provide the opportunity to take venue discovery, which Tiare expects to be submitted as an agreed request.  This Court liberally grants jurisdictional discovery:

> "[J]urisdictional discovery should only be denied where it is impossible that the discovery 'could . . . add[] any significant facts' that might bear on the jurisdictional determination." "Put another way, jurisdictional discovery should typically be granted unless 'no amount of information . . . would strengthen' the movant's jurisdictional claims." The Court concludes that Ultravision may be able to add significant facts that might bear on the jurisdictional determination if further venue discovery were permitted. Consequently, the Court should deny Defendants Motion to Dismiss on the issue of improper venue and permit discovery into this issue.

*Ultravision Techs., LLC v. GoVision, LLC*, No. 2:18-CV-00100-JRG-RSP, 2020 U.S. Dist. LEXIS 32618, at *11 (E.D. Tex. 2020) (quoting *Blitzsafe Texas LLC v. Mitsubishi Electric Corp.*, 2:17-cv-00430-JRG, 2019 U.S. Dist. LEXIS 86350, at *3 (E.D. Tex. 2019)); *see also Secure Axcess, LLC v. Trustmark Nat'l Bank*, No. 6:13-CV-788, 2014 U.S. Dist. LEXIS 108789, at *7-8 (E.D. Tex. 2014) (granting request for discovery raised in opposition to Motion to Dismiss).  Tiare requests that the Court grant it here.

For the foregoing reasons, Tiare respectfully requests that the Court deny Defendants' Motions to Dismiss.

4

|  |  |
|---|---|
| Dated:  August 22, 2023 | Respectfully submitted,<br><br>/s/ Christian J. Hurt<br>William E. Davis, III<br>Texas State Bar No. 24047416<br>bdavis@davisfirm.com<br>Christian Hurt<br>Texas State Bar No. 24059987<br>churt@davisfirm.com<br>THE DAVIS FIRM PC<br>213 N. Fredonia Street, Suite 230<br>Longview, Texas 75601<br>Telephone: (903) 230-9090<br>Facsimile: (903) 230-9661<br><br>***Counsel for Plaintiff Tiare Technology, Inc.*** |

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document and all attachments thereto are being filed electronically in compliance with Local Rule CV-5(a).  As such, this document is being served this August 22, 2023 on all counsel of record, each of whom is deemed to have consented to electronic service.  L.R. CV-5(a)(3)(A).

/s/ Christian J. Hurt
Christian J. Hurt